## WYMAN *v.* PERKINS.

Upon the question whether there has been a breach of a contract by the defendant to pay the plaintiff a certain amount in sawing clapboards, out of lumber to be furnished by the plaintiff, a witness having testified that the defendant's agent refused to saw certain logs for the plaintiff, but sawed them for the witness, who paid the agent for sawing them, and took his receipt therefor at the time of the transaction, such receipt is admissible in evidence.

The certificate of a magistrate taking a deposition, that the cause of taking was that the deponent lived more than ten miles from the place of trial, is *primâ facie* but not conclusive evidence of the distance.

When such deposition is offered, the court will receive evidence upon the question of the distance from the place of trial of the residence of the deponent, and decide it as a question of the admissibility of evidence.

Where, upon a parol agreement to submit all demands to arbitration, one of the parties falsely represents to the other that he has presented all his claims ; and the other, acting upon the belief that such representation is true, performs the award, the party making such representation is estopped to recover a claim designedly and fraudulently withheld from the submission.

WRIT OF ENTRY, to foreclose a mortgage given to secure the payment of a note or contract, dated December 31, 1844, given by the defendant, and payable to the plaintiff by the first day of December, 1850, in sawing clapboards ; the payee to furnish suitable timber, delivered in the mortgagor's mill-yard, in season for the same to be sawed before the note became due.

One McAlpin, a witness called by the plaintiff, testified that in the winter of 1849–50 he drew some logs into said mill-yard, to be sawed on the plaintiff's account ; that the defendant's agent refused to saw them on the plaintiff's account, but sawed them for the witness, charging them to him in account. On cross-examination he testified that he paid the bill for sawing these logs at the time of the transaction, and took a receipt therefor, which was dated in 1849, by mistake. He produced and identified the

receipt thus taken by him, and was permitted to read it before the jury, against the plaintiff's objection. The defendant offered evidence that the logs were not drawn in the winter of 1849–50, but in the winter previous.

The plaintiff offered the deposition of his mother, Mary Merrill, to which the defendant objected. The magistrate certified, as the cause of caption, that the deponent lived more than ten miles from the place of trial. The defendant had summoned the witness, but she refused to attend. A capias was issued, but the officer neglected to bring her into court, as she pretended to be sick and unable to come. It being shown by satisfactory evidence that the deponent was not absent from the State, did not live out of the State, nor more than ten miles from the place of trial, and that she was not insane, old and infirm, sick, or unable to attend the trial, the court rejected the deposition.

The defendant proved by one Kimball that in the fall of 1852 the plaintiff and defendant agreed by parol to submit all demands between them to him as sole arbitrator; that he acted as such referee, and made an award in favor of the plaintiff, which the defendant fulfilled by paying to the plaintiff the amount thereof at the time; that both parties, before he made said award, explicitly stated to him, in reply to inquiries put by him to them severally, that they had neither of them any other demands of any kind against the other than what had been presented before him, but that the note in suit was not submitted to him. There was evidence on the part of the plaintiff that the note was withheld by agreement of the parties.

The court instructed the jury that if the plaintiff, at the time of said submission and award, held the note in suit as a valid note, due and payable from the defendant to himself, and, by agreement of the parties, or through inadvertence, accident or mistake, it failed to be submitted to the referee, the plaintiff might recover in this

action, notwithstanding the submission and award. But that if the parties mutually agreed to submit all their claims of every kind and nature to said Kimball as sole referee, and the plaintiff purposely represented to the referee, and intentionally induced both the referee and the defendant to understand and believe, and to act upon the belief, that he had presented all his claims of every kind, and had kept back nothing, and the referee, acting under this belief, had made an award, which the defendant, acting under the same belief, had fulfilled, thereby changing his previous position, and they found from the evidence that the plaintiff had designedly and fraudulently withheld the note in suit from the submission, then he would be estopped from recovering upon it in this suit.

The jury having returned a verdict for the defendant, the plaintiff moved that the same be set aside and a new trial granted, for alleged error of the court, in permitting said receipt to be read before the jury, in rejecting said deposition, and in giving the aforesaid instructions as to the effect of the plaintiff's fraudulent conduct, if found by the jury.

*Kittredge* and *Bellows*, for the plaintiff.

*Perkins*, and *George & Foster*, for the defendant.

Doe, J.* The alleged breach of the defendant's contract was in not sawing lumber for the plaintiff. The witness McAlpin testified that he drew some logs to the defendant's mill, to be sawed on the plaintiff's account, and that the defendant's agent refused to saw them on the plaintiff's account, but sawed them for McAlpin, who paid for the sawing at the time, and took a receipt therefor. The agent's declarations that he would not saw the logs for the plaintiff, were admissible as evidence of a breach

* BELLOWS, J., did not sit.

of the contract by the defendant, and the receipt was admissible on the same ground. Notwithstanding the refusal of the agent in the outset to saw the logs on the plaintiff's account, if, after he had sawed them, he had cancelled the charge made against McAlpin, had agreed with him that the sawing should be considered as done for the plaintiff, and had allowed the clapboards to be taken away without payment for the sawing, the parties might well have considered the contract as not broken by that transaction. The receipt was substantially a declaration of the agent that the payment was made by McAlpin on his own account, and that the refusal by the agent, in the first instance, to saw for the plaintiff, was still persisted in. The payment by McAlpin, and the receiving payment by the agent, were relevant and material, and the verbal or written declarations of McAlpin or the agent, made at the time, having a tendency to elucidate or give character to those acts, and which might derive a degree of credit from them, were admissible. Whether the jury should have considered the date of the receipt as evidence of the time of the transaction, cannot now be considered, as the objection to the admission of the receipt was general, and no instructions were requested upon that point. The only question now is, whether it was admissible for any purpose.

The magistrate's certificate of the cause of taking the deposition of Mary Merrill was not conclusive. The statute could not have been intended to give the magistrate power to decide finally, without appeal, upon the truth of the cause alleged by the party taking a deposition. It would be unreasonable that parties, taking depositions to be used in this court, should have the cause of taking determined by another tribunal of their own selection. It is going far enough to hold that the certificate of the magistrate that the deponent lived more than ten miles from the place of trial, was *primâ facie* evidence of a good

cause for taking the deposition.    The deposition was properly rejected.

The case of *Whittemore* v. *Whittemore*, 2 N. H. 26, has been cited as an authority against the correctness of the instructions given to the jury.    It was decided in that case, that in assumpsit on account annexed, where the defendant pleaded in bar that the parties, after the date of the charges in the account annexed, agreed by bond to submit all demands to the arbitrament of certain referees, who, previous to the commencement of the action, had awarded upon the premises, a replication that the charges in the account annexed were not laid before the referees, nor embraced in their award, was good.    The decision was put wholly upon the ground that the demand in suit was not to be necessarily and conclusively presumed to have passed, by force of the award, *in rem judicatam.*    It was said if the agreement to refer were broken by a neglect or refusal to submit any or all of the demands, an action would lie on the agreement for such damage as might be sustained by the breach.    But whether the plea would not have been an unavoidable bar, if it had further alleged that the plaintiff had designedly and fraudulently withheld from the submission, the demand in suit, and had intentionally, and by false representations, induced the defendant to believe, and to perform the award in the belief, that all demands had been submitted—or whether the defendant might not, in some way, avail himself of such a defence to defeat fraud and avoid circuity of action, was a question not considered in that case.    We think that such a defence is good as an estoppel, and that the instructions given to the jury were sufficiently favorable to the plaintiff.    *Page* v. *Foster*, 7 N. H. 392.

*Judgment on the verdict.*